**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BAXTER INTERNATIONAL, INC., | No. _____ |
| Plaintiff, | |
| v. | Honorable _____ |
| BECTON, DICKINSON AND COMPANY, | (Jury Trial Demanded) |
| Defendant. | |

**COMPLAINT**

Baxter International, Inc. ("Baxter") brings this Complaint against Becton, Dickinson and Company ("BD") and alleges as follows:

**Nature of Action**

1. This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, seeks relief arising out of BD's infringement of U.S. Patent Nos. 5,989,237 (the "'237 Patent") and 6,159,192 (the "'192 Patent") (collectively, the "Patents-in-Suit"). Baxter owns the Patents-in-Suit.

2. True and correct copies of the '237 Patent and '192 Patents are attached hereto as Exhibits A and B, respectively.

**Parties**

3. Baxter is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Baxter Parkway, Deerfield, Illinois, 60015.

- 2 -

4. Upon information and belief, BD is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey, 07417.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

6. This Court has personal jurisdiction over BD, who, upon information and belief, has regular and established places of business in the State of Illinois and in this District, including at 75 North Fairway Drive, Vernon Hills, Illinois, and/or regularly engage in extensive business transactions and solicitations in the State of Illinois and within this District, have contracted to supply goods and services within this District, and/or have committed acts of patent infringement in this District by making, using, selling, offering to sell, and/or importing, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of the Patents-in-Suit. BD is also registered to do business in Illinois, and has appointed an agent for service of process that is located at 208 South LaSalle Street, Suite. 814, Chicago, Illinois.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District and/or because BD has committed acts of infringement in this District and has a regular and established place of business in this District, including at 75 North Fairway Drive, Vernon Hills, Illinois.

## Factual Allegations

8. From its headquarters in Deerfield, Illinois, Baxter is a recognized innovator and leader in the research, development, manufacture and distribution of medical products in the

United States and around the world. Baxter manufactures, among other things, products used in the delivery of fluids and drugs to patients across the continuum of care.

9. BD manufactures, uses, sells, offers for sale, and/or imports a closed system drug transfer device, known as the BD PhaSeal™ System (hereinafter referred to as the "Accused Product"), in the United States.

10. As described by BD, the Accused Product "is an airtight, leakproof system that utilizes a membrane-to-membrane technology. It mechanically prohibits the transfer of environmental contaminants into the system and the escape of drug or vapor concentrations outside the system, thereby minimizing individual and environmental exposure to drug vapor aerosols and spills." (*See* http://www.bd.com/en-us/offerings/capabilities/hazardous-drug-safety/bd-phaseal-system (visited October 10, 2017).)

11. The Accused Product consists of various components that include a combination of at least: (1) a product that BD calls "Protector™," which it describes as a "drug vial adapter for closed reconstitution and pressure equalization;" and (2) a product that BD calls "Injector™," which it describes as an "encapsulated cannula that attaches permanently to a disposable syringe or IV tubing." Moreover, the Accused Product drives the sale of additional administration and application products.

12. The components of the Accused Product, alone or in combination with other components, constitute a connector device for establishing fluid communication between a first container and a second container. The Accused Product is comprised of (1) a first sleeve member having a first end and a second end and a sidewall defining a chamber, the first sleeve member having at the first end a first attaching member adapted to attach to the first container; (2) a second sleeve member having a first end and a second end, the second sleeve member being associated

with the first sleeve member and is movable axially with respect thereto from an inactivated position to an activated position; (3) a second attaching member on the second end of the second sleeve and adapted to attach the second sleeve member to the second container; (4) a piercing member positioned in the chamber and projecting from one of the first and second sleeve members for providing a fluid flow path from the first container to the second container; and (5) means positioned on the first sleeve member for preventing the first sleeve member from becoming disassociated from the second sleeve member and which comprises a stop at the first end of the first sleeve member.

### **The '237 Patent**

13. Baxter is the sole owner of, and has the sole right to sue upon, the '237 Patent, which is entitled "Sliding Reconstitution Device With Seal" and was duly and legally issued on November 23, 1999. The '237 Patent is assigned to Baxter.

14. As identified in the Abstract of the '034 Patent:

> The present invention provides a connector device for establishing fluid communication between a first container and a second container. The device has a first sleeve member having a first end and a second end and a sidewall defining a chamber, the first sleeve member having at the first end a first attaching member adapted to attach to the first container. The device further has a second sleeve member having a first end and a second end, the second sleeve member being associated with the first sleeve member and is movable axially with respect thereto from an inactivated position to an activated position. A second attaching member is positioned on the second end of the second sleeve and adapted to attach the second sleeve member to the second container. A piercing member positioned in the chamber and projecting from one of the first and second sleeve members is provided for establishing a fluid flow path from the first container to the second container. The piercing member is hermetically sealed.

15. Baxter has not licensed or authorized BD to practice the '237 Patent, and BD has no right or authority to license others to practice the '237 Patent.

16. BD has had actual notice of its infringement of the '237 Patent at least as a result of the commencement and service of this action.

### The '192 Patent

17. Baxter is the sole owner of, and has the sole right to sue upon, the '192 Patent, which is entitled "Sliding Reconstitution Device With Seal" and was duly and legally issued on December 12, 2000. The '192 Patent was assigned to Baxter.

18. As identified in the Abstract of the '192 Patent:

> The present invention provides a method of connecting a reconstitution device to a drug container having a top and a closure. The method includes the steps of:
>
> > providing a reconstitution device having first and second ends, the second end having a receiving chamber dimensioned to receive the top of the container for fixedly attaching the device to the container, the device having a central channel housing a piercing member, the device further having first and second sleeve members capable of sliding axially with respect to one another from an inactivated position where the piercing member is outside the receiving chamber to an activated position where a portion of the piercing member is positioned inside the receiving chamber; and
>
> > inserting the top of the container into the receiving chamber of the device and fixedly attaching the container therein when the device is in the inactivated position.

19. Baxter has not licensed or authorized BD to practice the '192 Patent, and BD has no right or authority to license others to practice the '192 Patent.

20. BD has had actual notice of its infringement of the '192 Patent at least as a result of the commencement and service of this action.

### Count I
### (*Infringement of the '237 Patent*)

21. Baxter repeats and reasserts all of the foregoing allegations as if they were stated in full herein.

- 5 -

22. BD has directly infringed, and continues to directly infringe, one or more claims of the '237 Patent, within the meaning of 35 U.S.C. § 271(a) and either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and or importing the Accused Product in the United States, without license or authorization by Baxter.

23. In particular, BD has directly infringed, and continues to directly infringe, at least Claims 1 and 15 of the '237 Patent by the manufacture, use, sale, offer for sale, and/or importation of the Accused Product in the United States. Specific components of the Accused Product that are known to be involved in the infringement of these Claims include (1) a product that BD calls "Protector™," which it describes as a "drug vial adapter for closed reconstitution and pressure equalization;" and (2) a product that BD calls "Injector™," which it describes as an "encapsulated cannula that attaches permanently to a disposable syringe or IV tubing." Additional claims may be infringed. Additional components of the Accused Product may also be involved in infringing the above listed Claims, or additional claims, of the '237 Patent. Following discovery from BD, Baxter will identify and further specify all such components, claims and infringement details in accordance with and as required by the Local Rules of the Court.

24. BD's infringement of the '237 Patent has caused and continues to cause Baxter irreparable harm and damages in an amount to be proven at trial.

25. BD has had actual notice of their infringement of the '237 Patent at least as a result of the commencement and service of this action.

26. Upon information and belief, BD's infringement of the '237 Patent has been, and will continue to be, willful and undertaken in deliberate disregard of Baxter's patent rights.

27. Upon information and belief, BD's unlawful infringing activity will continue unless and until BD is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

28. BD's continuing infringement will cause Baxter further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney's fees, and costs.

## Count II
### (*Infringement of the '192 Patent*)

29. Baxter repeats and reasserts all of the foregoing allegations as if they were stated in full herein.

30. BD has directly infringed, and continues to directly infringe, one or more claims of the '192 Patent, within the meaning of 35 U.S.C. § 271(a) and either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and or importing the Accused Product in the United States, without license or authorization by Baxter.

31. In particular, BD has directly infringed, and continues to directly infringe, at least Claims 1 and 2 of the '192 Patent by the manufacture, use, sale, offer for sale, and/or importation of the Accused Product in the United States. Specific components of the Accused Product that are known to be involved in the infringement of these Claims include (1) a product that BD calls "Protector™," which it describes as a "drug vial adapter for closed reconstitution and pressure equalization;" and (2) a product that BD calls "Injector™," which it describes as an "encapsulated cannula that attaches permanently to a disposable syringe or IV tubing." Additional claims may be infringed. Additional components of the Accused Product may also be involved in infringing the above listed Claims, or additional claims, of the '192 Patent. Following discovery from BD, Baxter will identify and further specify all such components, claims and infringement details in accordance with and as required by the Local Rules of the Court.

32. BD's infringement is direct even though one or more of the steps of the methods claimed in the '192 Patent may have been, and may continue to be, performed by BD's customers of the Accused Product. BD directs and/or controls the performance of such customers because, among other things, it conditions receipt of a benefit associated with the claimed methods to its customers upon their performance of one or more steps of those methods, and establishes the manner of that performance by, among other things, providing detailed instructions concerning the use of the Accused Product.

33. BD provides to its customers the Accused Product, which is a reconstitution device having (1) first and second ends, the second end having a receiving chamber dimensioned to receive the top of a container for fixedly attaching the device to the container; (2) a central channel housing a piercing member; and (3) first and second sleeve members capable of sliding axially with respect to one another from an inactivated position where the piercing member is outside the receiving chamber to an activated position where a portion of the piercing member is positioned inside the receiving chamber. Upon information and belief, BD's customers insert, either manually or through some other means, the top of a container into the receiving chamber of the device and fixedly attaching the container therein when the device is in the inactivated position.

34. Alternatively, BD has indirectly infringed, and continues to indirectly infringe, one or more claims of the '192 Patent, within the meaning of 35 U.S.C. § 271(c), by making, using, selling, offering for sale, and or importing the Accused Product in the United States, knowing that the Accused Product is especially made or especially adapted for use in direct infringement of the '192 Patent by BD's customers, and knowing that the Accused Product is not a staple article or commodity of commerce suitable for non-infringing use and it constitutes a material part of the methods claimed in the '192 Patent.

35. Upon information and belief, BD's customers directly infringe at least Claims 1 and 2 of the '192 Patent by their use of the Accused Product in the United States. More specifically, BD's customers (1) provide the Accused Product, which is a reconstitution device having (a) first and second ends, the second end having a receiving chamber dimensioned to receive the top of a container for fixedly attaching the device to the container; (b) a central channel housing a piercing member; and (c) first and second sleeve members capable of sliding axially with respect to one another from an inactivated position where the piercing member is outside the receiving chamber to an activated position where a portion of the piercing member is positioned inside the receiving chamber; and (2) insert, either manually or through some other means, the top of a container into the receiving chamber of the device and fixedly attaching the container therein when the device is in the inactivated position.

36. BD's infringement of the '192 Patent has caused and continues to cause Baxter irreparable harm and damages in an amount to be proven at trial.

37. BD has had actual notice of their infringement of the '192 Patent at least as a result of the commencement and service of this action.

38. Upon information and belief, BD's infringement of the '192 Patent has been, and will continue to be, willful and undertaken in deliberate disregard of Baxter's patent rights.

39. Upon information and belief, BD's unlawful infringing activity will continue unless and until BD is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

40. BD's continuing infringement will cause Baxter further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney's fees, and costs.

### Request for Relief

**WHEREFORE**, Baxter urges the Court to grant the following relief:

A. Entry of judgment that BD has infringed one or more claims of the '237 and '192 Patents;

B. Entry of judgment that preliminarily and/or permanently enjoins BD and its representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with BD from infringing the '237 and '192 Patents;

C. An award of compensatory damages for Baxter as a result of infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined at trial, but in no event less than a reasonable royalty, together with interest and costs;

D. A determination that BD's acts of infringement of one or more claims of the '237 and '192 Patents has been, and continues to be, willful and an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

E. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and that Baxter be awarded its reasonable attorney's fees;

F. An award of interest on any judgment rendered in this action;

G. An award of Baxter's costs in this action; and

H. Such other and further relief as is just and proper.

## **Jury Demand**

Baxter demands a trial by jury on all issues so triable.

Dated:  October 19, 2017        Respectfully submitted,

BAXTER INTERNATIONAL, INC.,

By:     /s/ John E. Bucheit
        One of Their Attorneys

John E. Bucheit
ROESER BUCHEIT & GRAHAM LLC
2 North Riverside Plaza, Ste. 1420
Chicago, Illinois  60606
(312) 621-0302

Of Counsel:

Douglas J. Nash
John D. Cook
BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
(315) 425-2700

John T. Gutkoski
BARCLAY DAMON LLP
One International Place, 14th Fl.
Boston, Massachusetts 02110
(617) 274-2900